## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| **ARLINE LAVERGNE,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **CIVIL ACTION NO. 11-0574-CG-N** |
| **STANLEY JAY HATCHER, and** | ) | |
| **ACE AMERICAN INSURANCE** | ) | |
| **COMPANY,** | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on the motion of defendant ACE American Insurance Company for summary judgment (Doc. 57), plaintiff's opposition thereto (Doc. 65) and defendant's reply (Doc. 68).  For reasons explained below, the court finds that plaintiff has failed to support her claims against defendant ACE American Insurance Company.  Accordingly, defendant's motion for summary judgment is due to be granted.

## FACTS

This case arises from an automobile accident that occurred on August 18, 2010, in Mobile, Alabama. (Doc. 1, ¶ VI).  The complaint alleges that a vehicle

operated by defendant Stanley Jay Hatcher struck plaintiff's truck, causing injuries and damages. (Doc. 1, ¶ VII).  At the time of the accident, plaintiff was delivering pallets of materials for customers involved in the BP oil spill clean-up, and was driving a truck that was owned by Larry Patin and leased to ACE Transportation. (Doc. 59-1, p. 55).

Plaintiff has asserted an uninsured/underinsured motorist claim against defendant ACE American Insurance Company.[1]  ACE American Insurance Company issued a policy of insurance, policy number SCA H08583390, to Vision Logistics Holding Corporation covering the period of January 1, 2010 through January 1, 2011. (Doc. 59-3; Doc. 59-2, p.1).  Vision Logistics Holding Corporation is the owner of United Vision Logistics, a company that was formed after the purchase of Ace Transportation and three other trucking companies. (Doc. 65-3, p. 4).

The Vice President of Risk Management for United Vision Logistics, Mr. Richard Yandle, signed a written rejection of uninsured/ underinsured motorists coverage in Alabama and Louisiana under policy number SCA H08583390. (Doc. 59-2).  Additionally, the policy contains an endorsement, which includes the following exclusion:

This insurance does not apply to:

---

[1] The court notes that although ACE Transportation and defendant, ACE American Insurance Company, have somewhat similar names, they are reportedly separate, unrelated companies.

      a. A covered "auto" while used to carry property in any business.
      b. A covered "auto" while used in the business of anyone to whom the
      "auto" is rented.

(Doc. 52-2, pp. 2, 8).

The owner of the vehicle plaintiff was driving, Mr. Patin, reports that he

maintained liability and collision insurance through Ace Transportation, with

payments deducted from his paycheck. (Doc. 65-4, p. 7).  At the time of the accident,

Mr. Patin had an Independent Contractor Operating Agreement with Ace

Transportation. (Doc. 65-4, pp. 8-9).  The Agreement contained an insurance

election form in which the parties agreed that Patin would obtain non-trucking

liability insurance, workers' compensation insurance and physical damage

insurance through ACE Transportation. (Doc. 65-4, p. 10; Doc. 65-5, p. 17).  The

Agreement also states that Patin, as the contractor, is responsible for procuring and

maintaining:

> any fire, theft, uninsured and/or underinsured motorist, physical
> damage (collision), and any other insurance coverage that
> CONTRACTOR may desire for the Equipment or for CONTRACTOR's
> life, health care, dental care, vision care, or other needs.

(Doc. 56-5, p. 16).  The Agreement further states that

> … CONTRACTOR acknowledges that [ACE Transportation] may, and
> CONTRACTOR herby authorizes [ACE Transportation] to, waive,
> reject, or reduce no-fault, uninsured, and underinsured motorist
> coverage from [ACE Transportation's] insurance policies to the extent
> allowed under the laws of Louisiana and Texas, the states in which
> [ACE Transportation's] insurance policies are delivered), and

3

> CONTRACTOR shall cooperate in the completion of all necessary
> documentation for such waiver, election, rejection, or reduction.

(Doc. 65-5, pp. 16-17).  Patin does not remember ever signing a document that

waived or rejected uninsured motorist coverage. (Doc. 65-4, p. 11).  In an addendum

to the agreement, Arline Lavergne is designated as the intended driver and Patin

agrees to "hold harmless and release [ACE Transportation] of and from any liability

associated with the actions or employment of the designated driver." (Doc. 65-5, p.

29).

## DISCUSSION

### A. Summary Judgment Standard

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall

be granted: "if the pleadings, depositions, answers to interrogatories, and

admissions on file, together with the affidavits, if any, show that there is no genuine

issue as to any material fact and that the moving party is entitled to judgment as a

matter of law." The trial court's function is not "to weigh the evidence and

determine the truth of the matter but to determine whether there is a genuine issue

for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).   "The mere

existence of some evidence to support the non-moving party is not sufficient for

denial of summary judgment; there must be 'sufficient evidence favoring the

nonmoving party for a jury to return a verdict for that party.'" Bailey v. Allgas, Inc.,

284 F.3d 1237, 1243 (11th Cir. 2002) (quoting Anderson, 477 U.S. at 249). "If the

4

evidence is merely colorable, or is not significantly probative, summary judgment may be granted." <u>Anderson</u>, at 249-250. (internal citations omitted).

The basic issue before the court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." <u>See</u> <u>Anderson</u>, 477 U.S. at 251-252.  The moving party bears the burden of proving that no genuine issue of material fact exists. <u>O'Ferrell v. United States</u>, 253 F.3d 1257, 1265 (11th Cir. 2001).  In evaluating the argument of the moving party, the court must view all evidence in the light most favorable to the non-moving party, and resolve all reasonable doubts about the facts in its favor. <u>Burton v. City of Belle Glade</u>, 178 F.3d 1175, 1187 (11th Cir. 1999).   "If reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment." <u>Miranda v. B&B Cash Grocery Store, Inc.</u>, 975 F.2d 1518, 1534 (11th Cir. 1992) (citing <u>Mercantile Bank & Trust v. Fidelity & Deposit Co.</u>, 750 F.2d 838, 841 (11th Cir. 1985)).

Once the movant satisfies his initial burden under Rule 56(c), the non-moving party "must make a sufficient showing to establish the existence of each essential element to that party's case, and on which that party will bear the burden of proof at trial." <u>Howard v. BP Oil Company</u>, 32 F.3d 520, 524 (11th Cir. 1994)(citing <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 324 (1986)).  Otherwise stated, the non-movant must

5

"demonstrate that there is indeed a material issue of fact that precludes summary judgment." See Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991).  The non-moving party "may not rest on the mere allegations or denials of the [non-moving] party's pleading, but .... must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e)  "A mere 'scintilla' of evidence supporting the [non-moving] party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990) (citation omitted).  "[T]he nonmoving party may avail itself of all facts and justifiable inferences in the record taken as a whole." Tipton v. Bergrohr GMBH-Siegen, 965 F.2d 994, 998 (11th Cir. 1992).  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 at 587 (1986) (internal quotation and citation omitted).

**B. Choice of Law**

Defendant cites to Alabama law in its brief; however, plaintiff asserts that Louisiana law applies because that is where the policy was written, obtained and delivered.  "[A] federal court in a diversity case is required to apply the laws, including principles of conflict of laws, of the state in which the federal court sits." Manuel v. Convergys Corp., 430 F.3d 1132, 1139 (11th Cir.2005) (citing Klaxon Co. v. Stentor

6

Elec. Mfg. Co., 313 U.S. 487, 496 (1941)).  Adhering to the principle of *lex loci contractus*, Alabama courts hold that contract claims are governed by the laws of the state in which the contract was made, unless the contracting parties chose a particular state's laws to govern their agreement. Cherry, Bekaert & Holland v. Brown, 582 So.2d 502, 506 (Ala.1991).  It is axiomatic that insurance policies are "essentially like all other contracts," Hartford Fire Ins. Co. v. Shapiro, 117 So.2d 348, 352 (Ala.1960), and are therefore subject to the lex loci contractus doctrine. See Cincinnati Ins. Co. v. Girod, 570 So.2d 595, 597 (Ala.1990) ("Because this dispute involves an interpretation of an insurance policy issued in the State of Alabama, under Alabama's conflicts of law rule the trial court would be obligated to apply the substantive law of Alabama....").  Because it is undisputed that the policy in this case was executed in the State of Louisiana, and there has been no suggestion that the policy specifies that the laws of another jurisdiction apply, the court finds that Louisiana's law applies to plaintiff's claims under the policy.


**C. Insurance Coverage**

Plaintiff has asserted an uninsured/underinsured motorist claim against defendant ACE American Insurance Company for the automobile accident that occurred on August 18, 2010.  ACE American Insurance Company admits that it issued a policy of insurance to Vision Logistics Holding Corporation covering the time

period when the accident occurred.  However, ACE American Insurance contends that the policy does not provide the coverage plaintiff seeks because: (1) uninsured/ underinsured motorist coverage was expressly rejected under the policy, and (2) the policy excludes coverage while a covered auto is being used to carry property in any business.

### 1. Uninsured/Underinsured Coverage

Louisiana law provides that no automobile liability insurance policy shall be issued in Louisiana unless coverage is provided therein for the protection of persons insured under the policy who are legally entitled to recover damages from owners or operators of uninsured or underinsured motor vehicles because of bodily injury. LSA–R.S. 22:1295(1)(a)(i).  However, "the coverage required under this Section is not applicable when any insured named in the policy either rejects coverage, selects lower limits, or selects economic-only coverage, in the manner provided in Item (1)(a)(ii) of this Section." LSA–R.S. 22:1295(1)(a)(i).

Defendant maintains that it is entitled to summary judgment because uninsured/underinsured coverage was expressly rejected.  Plaintiff, on the other hand, argues that the uninsured/underinsured motorist coverage could only be waived by the named insured, Larry Patin.  However, as defendant points out, the only policy that has been identified as providing possible coverage names Vision Logistics Holding Corporation as the insured.  Mr. Richard Yandle signed a written rejection of

8

uninsured motorist coverage on behalf of Vision Logistics.[2]  Neither Larry Patin, nor
Arline Lavergne, are named insureds on the policy.  Pursuant to the statutory
language, any named insured in the policy may reject uninsured motorist coverage for
all other insureds. Duke v. Evans, 2012 WL 3192795, *2 , (La.App. 2 Cir. Aug. 8, 2012)
(citing Bullock v. Homestead Insurance Co., 29,536 (La.App.2d Cir.6/20/97), 697 So.2d
712); see also LeBlanc v. Lavergne, 86 So.3d 823, 825, 2011-1112 , 3 (La.App. 3 Cir.
2012) (finding that a spouse can validly reject uninsured motorist coverage).  Thus,
even if Larry Patin and Arline Lavergne were also named insureds, Mr. Yandles's
rejection of uninsured/underinsured motorist coverage would reject coverage for all of
them.  Accordingly, the court finds that Mr. Yandle's rejection precludes uninsured/
underinsured motorist coverage under the policy for plaintiff.

### 2. "Used to Carry Property in any Business" Exclusion

Even if Mr. Yandle's rejection of uninsured/underinsured coverage did not
preclude coverage for plaintiff, defendant asserts that the "used to carry property in
any business" exclusion would exclude coverage.  Defendant asserts that coverage is
excluded because the plaintiff was loaded and carrying property to be delivered to
customers at the time of the accident.  The policy states that it does not apply to "[a]

---

[2] The court notes that there has been no suggestion that Mr. Yandle's rejection does
not comply with the manner prescribed by LSA–R.S. 22:1295(1)(a)(ii).  There does not
appear to be any dispute that Mr. Yandle's had authority to reject uninsured/
underinsured motorist coverage on behalf of United Vision Logistics and that the
rejection was effective with regard to United Vision Logistics.

covered 'auto' while used to carry property in any business."  The exclusion appears to apply to the circumstances of this case and plaintiff has failed to respond to defendant's contention that the "used to carry property in any business" exclusion precludes coverage.

"In opposing a motion for summary judgment, a 'party may not rely on his pleadings to avoid judgment against him.'" Resolution Trust Corp. v. Dunmar Corp., 43 F.3d 587, 592 (11th Cir. 1995), cert. denied sub nom., Jones v. Resolution Trust Corp., 516 U.S. 817 (1995)(citing Ryan v. Int'l Union of Operating Eng'rs., Local 675, 794 F.2d 641, 643 (11th Cir. 1986)).  Moreover, "[t]here is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment.  Rather, the onus is upon the parties to formulate arguments; grounds alleged in the complaint [or answer] but not relied upon in summary judgment are deemed abandoned." Id. at 599 (citations omitted).  There being no opposition to defendant's contention that coverage is precluded because the plaintiff was loaded and carrying property to be delivered to customers at the time of the accident, the court, after review of the pleadings, finds that coverage is precluded by the endorsement containing the "used to carry property in any business" exclusion.

## CONCLUSION

For the reasons stated above, the motion of defendant ACE American Insurance Company for summary judgment (Doc. 57), is **GRANTED**.

**DONE and ORDERED** this 26th day of October, 2012.

/s/  Callie V. S. Granade
UNITED STATES DISTRICT JUDGE

11